United States District Court
Southern District of Texas
**ENTERED**
July 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFRED DE LA GARZA, <br> (TDCJ #00645460) § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> PATRICK O'DANIEL, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-23-2464 |

**MEMORANDUM OPINION AND ORDER**

Alfred De La Garza, (TDCJ # 00645460), is a state inmate incarcerated in the Stringfellow Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. He has filed an action under 42 U.S.C. § 1983 against Patrick L. O'Daniel, Chairman of the Texas Board of Criminal Justice; Bryan Collier, Executive Director of TDCJ; Bobby Lumpkin, Executive Director of TDCJ-CID; Carl Burson, Senior Warden of the Stringfellow Unit; and John Doe, the CEO/President of the American Correctional Association. (Docket Entry No. 1). De La Garza alleges that the conditions in all of Texas's "century-old red brick prisons," including the Stringfellow Unit, violate both the Eighth and Fourteenth Amendments, that the TDCJ defendants are responsible for these conditions, and that the American Correctional Association is conspiring with TDCJ to ensure that those prisons remain accredited. (Docket Entry No. 1). He has also filed a motion seeking to proceed without prepaying the filing fee. (Docket Entry No. 2). Because De La Garza is not eligible to proceed in this action without prepaying the fee, this case is dismissed.

De La Garza's action is governed by the Prison Litigation Reform Act, which regulates when prisoners can proceed without prepaying the filing fee. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule"

established in the PLRA, a prisoner may not bring a civil action without prepaying the filing fee if three or more of his civil actions or appeals, filed while he was incarcerated, have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reflect that, while he has been incarcerated, De La Garza has filed three previous civil actions and appeals that have been dismissed because they were frivolous or failed to state a claim upon which relief could be granted. *See, e.g.*, *De La Garza v. Brinkley, et al.*, Civil No. 3:02-cv-703 (S.D. Tex. Aug. 31, 2004); *De La Garza v. Stringfellow, et al.*, Appeal No. 04-50122 (5th Cir. June 22, 2004); *De La Garza v. Stringfellow, et al.*, Civil No. 1:02-cv-257 (W.D. Tex. Feb. 20, 2003). As a result, De La Garza may not proceed with this civil action without prepaying the filing fee unless his pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

To attempt to take advantage of the statutory exception,[1] De La Garza alleges that he is in imminent danger of serious physical harm from the lack of air conditioning at the Stringfellow Unit. (Docket Entry No. 1, pp. 7-12). He alleges that he has been suffering from muscle spasms during the hot nights, perspiring heavily resulting in a lack of sleep, and experiencing weakness, rapid pulse, dizziness, and headaches during the day. (*Id.* at 12-13). He admits that TDCJ has cooling protocols, including available fans, ice, water, and cooling showers, but he asserts that these measures are "inadequate." He does not allege that he has requested respite time or cooling showers, and he does not allege that he has sought medical care for heat-related conditions.

---

[1] De La Garza is aware that he has accumulated three strikes because his prior complaint, which raised substantially the same allegations as those raised in this action, was dismissed on that basis. *See De La Garza v. Bell, et al.*, Civil No. 1:11-cv-1086 (W.D. Tex. Dec. 15, 2011). De La Garza paid the filing fee to reinstate the case, but the case was later dismissed when De La Garza failed to comply with a court order to file an amended complaint.

The imminent danger exception is intended to apply to "genuine emergencies, where time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)).  The threat of serious physical injury must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 238, 330 (7th Cir. 2003).  In addition, there must be a connection between the alleged imminent danger and the claims in the plaintiff's complaint. *See, e.g., Prescott v. UTMB Galveston Tex.,* No. 21-40856, 2023 WL 4419367, at *4 (5th Cir. July 10, 2023); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam) (rejecting a claim of imminent danger when the plaintiff did not "plausibly plead any connection between the alleged imminent danger" and his claims).  "Prisoners cannot exempt themselves from the operation of § 1915(g) by claiming that they are in imminent danger at all times and under all circumstances." *Morris v. Walls*, No. 19-cv-00006-DC, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019).

De La Garza's allegations show that conditions inside the Stringfellow Unit are exceedingly unpleasant.  But while he is clearly uncomfortable, he has not shown that he is at imminent risk of serious physical harm due to the heat.  The Fifth Circuit has held that allegations of exposure to extreme heat and harsh living conditions in prison do not satisfy the imminent danger exception unless the inmate establishes that those conditions create an imminent danger of serious physical injury to that inmate, rather than discomfort to inmates in general.  *Compare Jackson v. Pittman,* 847 F. App'x 227 (5th Cir. 2021) (an inmate satisfied the imminent danger exception because his medical heat restrictions were violated by the lack of air conditioning), *and Washington v. Collier*, No. 2:18-cv-221, 2018 WL 8996273 (S.D. Tex. Oct. 30, 2018) (an inmate satisfied the imminent danger exception because the extreme heat violated his medical heat restrictions), *with Moore v. Collier*, No. 4:20-cv-2777, 2020 WL 6937815 (S.D. Tex. Sept. 30,

3

2020) (allegations of serious harm that "may result" when inmates are exposed to extreme heat are not sufficient to satisfy the exception of § 1915(g)).

De La Garza's allegations do not meet the necessary standard. Unlike the inmates in *Jackson* and *Washington*, De La Garza does not have a medical heat restriction that is being violated by the lack of air conditioning at the Stringfellow Unit. He does not allege that he has sought either respite relief or medical care because of heat-related symptoms. While his allegations show that he is uncomfortable in the heat, they do not show that he is in imminent danger of serious physical injury from the lack of air conditioning. His allegations are insufficient to fall within the exception to the three-strikes rule.

Because De La Garza does not allege facts sufficient to establish that he is currently in imminent danger of serious physical injury, he is barred by § 1915(g) from proceeding with this action without prepaying the filing fee. His complaint, (Docket Entry No. 1), is dismissed without prejudice under 28 U.S.C. § 1915(g). His motion to proceed without prepaying the filing fee, (Docket Entry No. 2), is denied. Any other pending motions are denied as moot.

De La Garza may move to reinstate this action only if he prepays the full amount of the filing fee for a civil action ($402.00) within 30 days from the date of this order. **The Clerk will provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED on July 13, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge